UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| Shaun A. Kranish and Svetlana Kranish, f/k/a Svetlana Dudnik, | ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 03:08-cv-50083 |
| | ) |
| Thomas A. Hogshead, Simon A. Avery, Randall E. Paul, Larry M. Neville, Alan Nyman, and Michael Rach, individually, and as police officers, employees, agents of the Village of Cherry Valley, the Village of Cherry Valley, an Illinois Municipal Corporation, CBL & Associates Properties, Inc., a Delaware corporation, d/b/a "CherryVale Mall", CBL & Associates Limited Partnership, a Delaware Limited Liability Partnership, d/b/a "CherryVale Mall", CBL & Associates Management, Inc., a Delaware Corporation, d/b/a "CherryVale Mall", ERMC Property Management Company of Illinois, LLC, "d/b/a "ERMC", Martin Medina, John R. Newman, and John and Jane Doe "CherryVale Mall" Security Officers, individually and as agents and employees of CBL & Associates Properties, Inc., and/or CBL & Associates Limited Partnership and/or CBL & Associates Management, Inc., Paul A. Logli and F. James Brun V, Individually as Winnebago County States Attorneys, the County of Winnebago, a body politic and corporate, and other unknown owners d/b/a under the assumed, fictitious name "CherryVale Mall" and other unknown other John and Jane Does, | ) Frederick J. Kapala ) U.S. District Judge ) ) ) P. Michael Mahoney ) U.S. Magistrate ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

AMENDED COMPLAINT

NOW COMES the Plaintiff, Shaun A. Kranish ("Shaun") and Svetlana Kranish, f/k/a Svetlana Dudnik ("Svetlana") by their attorney, Walter P. Maksym, and complain of the Defendants, Thomas A. Hogshead, Simon A. Avery, Randall E. Paul, Larry M. Neville, Alan Nyman, and Michael Rach, individually and as police officers, employees, and agents of the Village of Cherry Valley, an Illinois Municipal Corporation, Village of Cherry Valley, an Illinois Municipal Corporation, CBL & Associates Properties, Inc., a Delaware corporation d/b/a "CherryVale Mall", CBL & Associates Management, Inc., a Delaware corporation d/b/a "CherryVale Mall", ERMC Property Management Company of Illinois, LLC, "d/b/a "ERMC", Martin Medina, John R. Newman, and unknown John and Jane Doe "CherryVale Mall" Security Officers, individually and as agents and employees of CBL & Associates Properties, Inc., a Delaware corporation d/b/a "CherryVale Mall", CBL & Associates Management, Inc., a Delaware corporation d/b/a "CherryVale Mall", Paul Logli, individually and as Winnebago County States Attorney, and F. James Brun V, individually and as Assistant Winnebago County States Attorney, the County of Winnebago, a body politic and corporate and other unknown owners d/b/a under the assumed, fictitious name "CherryVale Mall" and other unknown other John and Jane Does, (hereinafter sometimes referred to as jointly and/or collectively as the "Defendants") and alleges as follows:

<u>Nature of the Action</u>

1. Plaintiffs bring these actions against the Defendants to recover damages for wrongful, unwarranted and illegal search and seizure, false arrest, assault, battery, false imprisonment and illegal detention, conspiracy,

intentional inflction of emotional distress, malicious prosecution, stigmatization, infringement of their freedom of travel and liberty rights and interests, denial of due process and other injuries and deprivations of their rights that were visited upon them by Defendants under color of state law and pursuant to a conspiracy to deprive them of their rights, privileges, and immunities secured by the United States Constitution, despite the fact that they were peaceful, law abiding citizens innocent of any crime or wrongdoing, for which they seeks damages, injunctive and declaratory relief.

2.    This Complaint alleges claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as claims under Illinois common law, statutes and constitutional law governing assault, battery, illegal detention, false arrest, false imprisonment, unwarranted and illegal search and seizure, battery conspiracy, intentional inflction of emotional distress, negligence, willful, wanton, reckless and unreasonable conduct, malicious prosecution, conspiracy and related other claims and damages.

<u>Jurisdiction</u>

3.    This Court has original jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). The Court has jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

<u>Venue</u>

4.    Venue in the Western District of Illinois, Eastern Division is proper pursuant to 28 U.S.C. § 1391(a) in that Plaintiffs' claims arose within this District out of a the false and wrongful arrest and related wrongful

conduct and use of excessive force that occurred in the County of Winnebago, State of Illinois, as is hereinafter more particularly alleged and all of the Defendants reside within this District.

## Parties

5.    That Plaintiffs, Shaun and Svetlana, were, at all times relevant, law abiding, adult residents and citizen of Rockford, County of Winnebago, State of Illinois, who, prior to and at the time of the events alleged herein, had no record of criminal conviction.

6.    That on information and belief, at all times relevant, Defendant CBL & Associates Properties, Inc., ("CBL") was a Delaware corporation and/or CBL & Associates Limited Partnership, a Delaware Limited Liability Partnership, d/b/a "CherryVale Mall" ("CBLLP") in the County of Winnebago, State of Illinois, as owner and manager of several shopping malls including the "CherryVale Mall" located in the Village of Cherry Valley, County of Winnebago, State of Illinois, and was the employer of Medina, Newman and Unknown John Doe "CherryVale Mall" Security Officers.

7.    That on information and belief, at all times relevant, Defendant CBL & Associates Management, Inc., ("CBL Management") was a Delaware corporation also d/b/a "CherryVale Mall" in the State of Illinois as owner and manager of several shopping malls including the "CherryVale" Mall located in the Village of Cherry Valley, County of Winnebago, State of Illinois as owner and manager of several shopping malls including the "CherryVale Mall" located in the Village of Cherry Valley, County of Winnebago, State of

Illinois, and was the employer of Medina, Newman and unknown John Doe "CherryVale Mall" Security Officers.

8.   That on information and belief, at all times relevant, Defendant ERMC Property Management Company of Illinois, LLC d/b/a "ERMC" ("ERMC") also d/b/a "CherryVale Mall" in the State of Illinois as owner and manager of several shopping malls including the "CherryVale Mall" located in the Village of Cherry Valley, County of Winnebago, State of Illinois, and was the employer of Defendant Martin Medina ("Medina"), John R. Newman ("Newman"), and unknown John Doe "CherryVale Mall" Security Officers.

9.   That on information and belief, at all times relevant, Defendant Medina, Newman and unknown John Doe "CherryVale Mall" Security Officers, were agents and employees of CBL, CBLLP, and/or CBL Management, ERMC and/or unknown others that were the entity(s) and/or person(s) responsible for the operation, control, management and security of the "CherryVale Mall" maintained operated by them in and about Winnebago County, Illinois.

10.   That on information and belief, at all times relevant, Defendant Village of Cherry Valley (the "Village"), was an Illinois Municipal Corporation, organized and functioning under the laws of the State of Illinois.

11.   That, on information and belief and at all times relevant, the Defendant the Village was at all times relevant, regarding the misconduct for which it and its agents, offices and employees are sued in this Complaint, a political subdivision of and a municipal corporation duly organized under the laws of the State of Illinois, and as such is and was responsible for the policies, practices,

customs and actions of the its police officers, agents and employees and, along with the other Defendants, maintained offices in the County of Winnebago, State of Illinois.

12.    That on information and belief, at all times relevant, Defendants, Thomas A. Hogshead ("Hogshead"), Simon A. Avery ("Avery"), Randall E. Paul ("Paul"), Larry M. Neville ("Neville"), Alan Nyman ("Nyman") and Michael Rach ("Rach"), were police officers, employees, and agents of the Village of Cherry Valley, an Illinois Municipal Corporation (the "Village"). They are sued individually and in their official and/or corporate capacities.

13.    That, on information and belief and at all times relevant, the Cherry Valley Police Department (hereafter referred to as the "Village Police") was controlled, managed and run by the Village, as were Hogshead, Avery, Paul Neville and Rach, employees and agents of the Village, who are all sued individually and in their official capacities as employees and agents of Village, as are potential unknown others (hereinafter all referred to collectivly as as "Defendants" or the "CherryVale Mall Defendants".

14.    That, on information and belief and at all times relevant, Paul A. Logli ("Logli"), was the duly elected Winnebago County States Attorney (the "States Attorney", and F. James Brun V ("Brun"), was employed by and was an agent of said States Assistant as an Assistant Winnebago County States Attorney. Logli and Brun are sued in their individual and official capacities.

15.    That, on information and belief and at all times relevant, the County of Winnebago (the "County") was a body politic and corporate responsible for funding the Winnebago County States Attorney's Office.

<u>FACTS COMMON TO ALL COUNTS</u>

16. That on the evening of Friday, May 12th, 2006, Plaintiffs had been shopping at the "CherryVale Mall". While they were peacefully walking to the mall exit, they happened to pass by two "CherryVale Mall" security guards. They followed and stopped Plaintiffs and then questioned Shaun about the buckled case he wore on his side, wanting to know what he had inside of it. Shaun told them it was none of their business and that he did not approve of being searched because his personal belongings were private. Despite his protest, the "CherryVale" guards told him to put his hands up and proceeded to forcibly and publicly search him without permission. After unbuckling and opening his case, they discovered that he was carrying an unloaded gun as Illinois law allows FOID holders to do. Nevertheless, they then handcuffed and detained Shaun and Svetlana on the spot and called the local police as they dragged me away to a mall "substation," while handcuffed, for everyone to see. As they did, Shaun informed them that he was abiding by the law and implored them to read a copy of the statute along with extra information he carried with him at all times in order to assist and educate officers just in case such a situation were to occur. Notwithstanding having and trading the copy of the law exempting Shaun's conduct and with knowledge that he possessed a duly issued valid State of Illinois FOID Card and that his firearm was unloaded encased falsely the "CherryVale Mall" Defendant security officers and Village of Cherry Valley Defendant police offices herein named, acting in concert, handcuffed, detained, interrogated, falsely arrested and confining Shaun for approximately two hours handcuffed to a bench in a tiny interrogation and

"holding room" in the Mall as several security guards along
with numerous police officers examined and discussed his
letter containing the law exempting his conduct, and
eventually, after discussing and realizing that he was
innocent of any wrong doing and that they could not
properly charge him with any crime, nevertheless decided to
deliberately ignore it and falsely charge him with Unlawful
Use of a Weapon, a criminal offense under Illinois law, in
order to cover up and justify his and Svetlana suffering
harassment, emotional distress, false arrest, assault,
battery, search, handcuffing, isolation, detention and
confinement without probable cause, thereby further causing
Shaun to be jailed, subjected to a humiliating and
degrading strip-search, finger-printed, to post bond and
incurs attorneys fess and expenses in his successful
defense together with the illegal confiscation and seizure
of Svetlana's cell phone and Shaun's carrying-case,
lawfully owned and possessed firearm, and accessories were
confiscated as "evidence" of his lawful conduct.

17.  That, on information and belief and at all times
relevant, and regarding the misconduct for which they are
sued, the individual Defendants acted in concert with each
other and represented and held themselves out to be agents
and employees of their respective employers as aforesaid.

18.  That, on information and belief and at all times
relevant, Defendants, John and Jane Does and all others
whose identities are not presently known, were at all
relevant acting in combination and concert with the above
named Defendants.

19.  That on information and belief, Shaun was
knowingly, deliberately and falsely charged and maliciously
prosecuted by Defendants via a misdemeanor Complaint signed

by Martin Medina, as Director of Security of the "CherryVale Mall", superseded by a felony Information signed on behalf of Logli by Brun falsely charging him with "Aggravated Unlawful Use of Weapons" and then by Superseding Bill of Indictment falsely charging "Aggravated Unlawful Use of Weapons" procured by Logli and Brun with the knowledge of and under in conspiracy and in combination with each other, without probable cause with a baseless violation of criminal law falsely alleging that Shaun's firearm was "uncased" "loaded" and "immediately accessible" when they knew or should have known it was not and that he was acting legally and except from prosecution under the Illinois statue and when they knew or should have known him to be innocent of the baseless and untrue accusations and false charges lodged against Shaun.

20. That, on information and belief, in order to procure the Superseding Bill of Indictment from the Winnebago County Grand Jury, Brun presented, and Medina and Nyman the false sworn testimony of that Shaun's firearm was "uncased" "loaded" and "immediately accessible" when he and they knew or should have know said testimony was untrue and withheld evidence, and testimony that they knew or should have known would have shown that Shaun's conduct was lawful and specifically except from prosecution under, *inter alia,* 720 ILCS 5/24.

21. That Shaun appeared and plead "not guilty" to all charges at the Winnebago County Courthouse, Rockford, Illinois.

22. That on information and belief, the Logli and/or Brun withheld and failed to disclose to the Winnebago County Grand Jury, Shaun's' defense counsel, and the Court the fact Shaun had a duly issued and valid Illinois FOID Card and copy

of he statute exempting him that was carrying at the time of his detention an arrest, and which statutory exemption he gave and explained to the Defendant CherryVale Security guards and Cherry Valley Police Defendants when he was first detained at the "CherryVale Mall" showing his conduct was lawful and exempt from prosecution prior to the institution of any criminal charge.

23. That on or about July 16, 2007 the Hon. Steven G. Vecchio, a Circuit Judge of the Circuit Court of Winnebago County entered an order dismissing the above-referenced criminal charges with prejudice in Shaun's favor finding that his conduct was lawful and exempt from prosecution and upon entry of an order on September 19, 2007 denying the State's Attorney's Motion to Reconsider found further that he was denied due process by said prosecution.

24. That the fictitious and false charges initiated, placed prosecuted by the Defendants as aforesaid and the other actions complained of herein go right to the heart of and continually and ongoingly infringe upon and deny Shaun, without probable cause, his Constitutional rights and have damaged his previously good reputation.

25. That, on information and belief, all of the above wrongful acts were committed pursuant to the authorization and/or under the supervision, direction and of Logli, who had ultimate decision making authority with respect to Shaun's criminal prosecution.

26. That on information and belief, Defendants, acting in combination and concert with each other were therefore, acting under color of state law with regard to investigative, arrest, custodial, and administrative acts and decisions made with respect to Shaun.

27.  These acts and decisions were deliberate, intentional, reckless, unreasonable and in direct contravention of existing law and directly and proximately caused the Constitutional violations, injuries and damages to Plaintiff as hereinabove alleged and are directly chargeable to Defendants because of said Defendants' status as their agents, employees and final decision makers.

<u>COUNT I</u>

(Deprivation of Civil Rights - 42 U.S.C. § 1983)

1-27.  Plaintiffs reallege paragraph 1 through 27 of this Complaint as paragraphs 1 through 27 of this Count I as if set forth fully herein.

28.  That, on information and belief, the Defendants foregoing acts and omissions were done and committed in violation of 42 U.S.C. § 1983 when each of the above-named Defendants were acting under color of law or were all acting jointly and/or in concert and/or a combination and/or conspiracy with each other and/or other persons acting under color of law thereby intending to deprive and depriving Plaintiffs of their rights, privileges and immunities, secured by the laws statutes and Constitution of the United States.

29.  That, on information and belief, as a direct and proximate result of one or more of Defendant's foregoing acts and omissions, Plaintiffs suffered a wrongful arrest and false imprisonment and loss of liberty, great emotional and mental shock, upset, pain, distress, anguish, public scorn, humiliation, and ridicule, great and permanent injuries to reputation and loss and deprivation of their civil rights under the first, second, fourth, fifth, eight, and fourteenth amendments to the United States

Constitution, which injuries continue to this day and will continue and compound in the future.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus they be awarded reasonable attorney's fees, costs, and expenses and for such other and further relief as may be just and proper in the premises, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

<u>COUNT II</u>

(Conspiracy to Violate Civil Rights - 42 U.S.C. § 1985)

1-29. Plaintiffs reallege paragraph 1 through 29 of Count I as paragraphs 1 through 29 of this Count II as if set forth fully herein.

30. That on information and belief and at all times relevant, Defendants individually and in combination and conspiracy with each other and/or other as of yet unknown co-conspirator Does, by their actions as set forth above committed certain overt acts as hereinabove set forth.

WHEREFORE, Plaintiffs demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus they be awarded reasonable attorney's fees, costs, and expenses and for such other and further relief as may be just and proper in the premises, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

<u>COUNT III</u>

(42 U.S.C. § 1983 Monell Claim)

1-30. Plaintiffs reallege paragraph 1 through 30 of Count II as paragraphs 1 through 30 of this Count III as if set forth fully herein.

32. That on information and belief, and at all times relevant, Defendants in concert and combination with each other had and enforced a policy, which was known, or should have been known, to disallow persons such as FOID card holders such Shaun the right to lawfully carry an encased and unloaded fire arm as allowed by Illinois statute.

33. That, additionally and alternatively, upon information and belief, the "CherryVale Mall", the Village and Logli failed to adequately train and supervise their respective above-named agents and employees with respect to proper investigatory and other procedures relating to, *inter alia*, searching and arresting, investigating, charging and prosecuting and denying persons such as Plaintiffs under such circumstances their First, Second, Fourth, Fifth and Fourteenth Amendment and other Constitutional rights.

34. These actions, policies, practices, customs and/or failures directly and proximately caused the constitutional violations and injuries to Plaintiffs, thereby making them directly chargeable to the "CherryVale Mall", the Village and Logli and the County.

35. That Defendants' actions, policies, practices, customs and/or failures directly and proximately injured Plaintiffs as hereinabove alleged.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and

13

punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus they be awarded reasonable attorney's fees, costs, and expenses and for such other and further relief as may be just and proper in the premises, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

COUNT IV

(42 U.S.C. § 1985 Monell Claim)

1-35. Plaintiffs reallege paragraph 1 through 35 of Count III as paragraphs 1 through 35 of this Count IV as if set forth fully herein.

36. That said acts and decisions directly and proximately caused the constitutional violations, injuries and damages to Plaintiffs hereinabove alleged and are directly chargeable to the Village and Logli.

37. That, additionally and alternatively, upon information and belief and at all times relevant "Cherryvale", Village, and Logli, failed to adequately train the above-mentioned employees, agents and personnel with respect to proper investigatory procedure relating to, among other things, properly identifying and distinguishing between criminal perpetrators and law abiding citizens so as not to subject innocent persons such as Plaintiffs to unwarranted, false arrest, unwarranted and unreasonable searches and seizures, illegal and false detention and imprisonment, unreasonable, false and baseless charges lacking probable cause and/or other infringements of their constitutional rights and liberties as herein alleged.

38. These policies, practices, customs and failures directly and proximately caused the constitutional

violations and injuries to Plaintiffs, thereby making them directly chargeable to "Cherryvale", Village, and Logli.

39. These policies, practices, customs and failures directly and proximately injured Plaintiffs as hereinabove alleged.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus they be awarded reasonable attorney's fees, costs, and expenses and for such other and further relief as may be just and proper in the premises, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

<u>COUNT V</u>

(First Amendment Violations)

1-35. Plaintiff realleges paragraph 1 through 35 of Count II this Complaint as paragraphs 1 through 35 of this Count V as if set forth fully herein.

36. That the above combined actions of "Cherryvale Mall" and Village Defendants directly infringed and continue to violate Plaintiffs rights under the First Amendment to the United States Constitution of liberty to speak, travel and associate and he is entitled to relief fashioned directly hereunder.

WHEREFORE, Plaintiffs demand judgment against the "Cherryvale Mall" and Village Defendants, and each of them, individually, jointly and severally, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus they be awarded reasonable attorney's fees,

costs, and expenses and for such other and further relief as may be just and proper in the premises, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

<u>COUNT VI</u>

(Second Amendment Violations)

1-36. Shaun reallege paragraph 1 through 36 of Count V this Complaint as paragraphs 1 through 36 of this Count VI as if set forth fully herein.

37. That the above actions of Defendants "Cherryvale Mall", Village Defendants, Logli and Brun directly infringed and continue to violate Shaun's rights under the Second Amendment to the United States Constitution and due process under, *inter alia,* 720 ILCS 5/24.

WHEREFORE, Shaun demands judgment against the "Cherryvale Mall", Village Defendants, Logli and Brun, and each of him, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus he be awarded reasonable attorney's fees, costs, and expenses and for such other and further relief as may be just and proper in the premises, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

<u>PENDENT STATE COUNTS</u>

<u>COUNT VII</u>

(False Arrest)

1-37. Plaintiffs reallege paragraph 1 through 37 of Count II as paragraphs 1 through 37 of this Count VII as if set forth fully herein.

38. That, on information and belief and at all times relevant, by their conduct the Cherryvale and Village

Defendants procured the false arrest, of Plaintiffs without good, legal, reasonable or probable cause.

WHEREFORE, Plaintiffs demands judgment against the Defendants, and each of them, individually, jointly and severally, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT VIII</u>

(Illegal Search & Seizure)

1-38. Plaintiffs reallege paragraph 1 through 38 of Count VII as paragraphs 1 through 38 of this Count VII as if set forth fully herein.

39. That, on information and belief and at all times relevant, by their conduct the Cherryvale and Village Defendants procured the unwarranted and unlawful search and seizure of Plaintiffs and their property without good, legal, reasonable or probable cause.

WHEREFORE, Plaintiffs demands judgment against the Cherryvale and Village Defendants, and each of them, individually, jointly and severally, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT IX</u>

(Illegal Detention — Unlawful Restraint)

1-39. Plaintiffs reallege paragraph 1 through 38 of Count VII as paragraphs 1 through 38 of this Count VIII as if set forth fully herein.

39. That, on information and belief and at all times relevant, by their conduct the Cherryvale and Village Defendants procured the unwarranted and/or unlawful restraint, detention, confinement, and imprisonment of Plaintiffs without good, legal, reasonable or probable cause.

WHEREFORE, Plaintiffs demand judgment against the "Cherryvale Mall" and Village Defendants, and each of them, individually, jointly and severally, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT X</u>

(Assault)

1-39. Plaintiff reallege paragraph 1 through 39 of Count VIII as paragraphs 1 through 39 of this Count IX as if set forth fully herein.

40. That, on information and belief and at all times relevant, by their conduct the "Cherryvale Mall" and Village Defendants placed them in fear and apprehension of receiving offensive, unpermitted touching of Plaintiff's bodies and property closely associated with and upon their persons as aforesaid.

WHEREFORE, Plaintiffs demand judgment against the "Cherryvale Mall" and Village Defendants, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT XI</u>

(Battery)

1-40. Plaintiffs reallege paragraph 1 through 36 of Count II as paragraphs 1 through 40 of this Count IX as if set forth fully herein.

41. That, on information and belief and at all times relevant, by their conduct the "Cherryvale Mall" and Village Defendants made an offensive, unpermitted touching of Plaintiff's body and property closely associated with and upon his person as aforesaid.

WHEREFORE, Plaintiffs demand judgment against the "Cherryvale Mall" and Village Defendants, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT XII</u>

(Reckless, Unreasonable, Careless and Negligent Conduct)

1-41. Plaintiffs incorporate by reference paragraphs 1 though 41 of Count XI as paragraphs 1 though 41 of this Count XII as if set forth fully herein.

42. That by their conduct the "Cherryvale Mall" and Village Defendants, their employees and agents were reckless, unreasonable, careless and negligent in one or more of the following ways:

   a. carelessly and negligently selecting Plaintiffs for arrest and arresting them and falsely charging and prosecuting Shaun;

   b. carelessly and negligently threatening Plaintiffs;

      c. carelessly and negligently restraining and imprisoning Plaintiffs;

      d. carelessly and negligently trained or failed to be train in the proper procedures for arrest and detainment against Plaintiffs and falsely charging and prosecuting Shaun under the circumstances, and

      e. were otherwise carelessly and negligently arrested and detained Plaintiffs and took their property.

WHEREFORE, Plaintiffs demand judgment against the "Cherryvale Mall", the Village Defendants, Logli and Brun and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT XIII</u>

(Willful, Wanton and Reckless Conduct)

1-42. Plaintiffs incorporate by reference paragraphs 1 though 42 of Count XII as paragraphs 1 though 42 of this Count XIII as if set forth fully herein.

43. That by their conduct Defendants, their employees and agents were willful, wanton and reckless in one or more of the following ways:

      a. willfully, wantonly and recklessly selecting Plaintiffs for detention and arrest and charging and prosecuting Shaun;

      b. willfully, wantonly and recklessly threatening Plaintiffs;

    c. willfully, wantonly and recklessly restraining, imprisoning Plaintiffs and falsely charging and prosecuting Shaun;

    d. willfully, wantonly and recklessly training or failing to be train the officers and agents and employees of the Village and CherryVale herein named in the proper procedures to arrest, detain or refrain from arresting and detaining Plaintiffs under the circumstances, and

    e. willfully, wantonly and recklessly taking property of and excluded Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT XIV

(Intentional Inflictions of
Mental and Emotional Distress)

1-43. Plaintiffs incorporate by reference paragraphs 1 though 43 of Count XIII as paragraphs 1 though 43 of this Count XIV as if set forth fully herein.

44. That, on information and belief and at all times relevant, by their conduct the Defendants intentionally and beyond all bounds of decency, without regard for Plaintiffs' emotional, physical or mental well-being intentionally threatened, falsely arrested, charged, detained, imprisoned them and falsely charged and prosecuted Shaun when they knew or should have known him to be innocent any criminal activity.

45. That said Defendants aforementioned extreme and outrageous conduct exceeded all permissible bounds of decency of a civilized community and could or would cause Plaintiffs severe emotional distress.

46. That as a direct and proximate cause of Defendants' aforesaid intentional, extreme and outrageous conduct they intentional inflicted severe, great and recurrent psychological, mental and emotional anguish, strain, stress, pain, humiliation, distress, suffering on Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and that they be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT XV</u>

(Negligent Inflictions of Emotional Distress)

1-46. Plaintiffs incorporate by reference paragraphs 1 though 46 of Count XIV as paragraphs 1 though 46 of this Count XV as if set forth fully herein.

47. That, on information and belief and at all times relevant, by their conduct the Defendants negligently and without regard for Plaintiffs' emotional, physical or mental well being intentionally threatened, falsely arrested, detained, imprisoned Plaintiffs and falsely charged and prosecuted Shaun when they knew or should have known them to be innocent any criminal activity.

48. That said false imprisonment, stigmatization and false and malicious prosecutions of Plaintiffs were deliberately made when Defendants knew or should have known

him to be innocent of the untrue accusations made and the
false charges so wrongfully brought against Shaun.

49. That as a direct and proximate result of
Defendants negligently conduct they inflicted great and
recurrent psychological, mental and emotional fear,
anguish, strain, stress, pain, humiliation, distress,
suffering and damage on Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the
Defendants, and that they be awarded general, compensatory
and punitive damages in a sum in great excess of Seventy
Five Thousand ($75,000.00) dollars, plus the costs of this
suit, reasonable attorneys fees and such other and further
relief as may be proper in the premises.

<u>COUNT XVI</u>

(Common Law Conspiracy)

1-49. Plaintiffs reallege paragraph 1 through 40 of
Count XV as paragraphs 1 through 49 of this Count XVI as if
set forth fully herein.

50. That, on information and belief and at all times
relevant, the conspiracy hereinabove alleged also
constituted a conspiracy by the Defendants to falsely and
wrongfully assault, arrest, detain, confine and imprison,
stigmatize, and intentionally inflict upon him emotional
and mental distress and pain, to falsely charge and procure
his false and malicious prosecution of and to abuse and
misuse the legal process to achieve said ends against
Plaintiffs and cause them pain, suffering, fear and
humiliation and a loss of liberty and other losses as
hereinabove described when they knew or should have known
Shaun to be innocent of the untrue accusations made and the
false charge so wrongfully brought as aforesaid, was
intentionally, recklessly and/or negligently inflicted upon

them emotional and mental distress and pain and thereby
causing them pain, suffering, fear and humiliation, loss of
liberty and other losses to their person as hereinbefore
described when they knew or should have known him to be
innocent of any criminal wrongdoing.

WHEREFORE, Plaintiffs demand judgment against the
Defendant, and that they be awarded general, compensatory
and punitive damages in a sum in great excess of Seventy
Five Thousand ($75,000.00) dollars, plus the costs of this
suit, reasonable attorneys fees and such other and further
relief as may be proper in the premises.

### Count XVII
#### (Malicious Prosecution)

1-50. That Shaun realleges Paragraphs 1 though 50
above as Paragraphs 1 through 50 of Count XVI of this
Count XVII as if set forth fully herein.

51. That, on information and belief, by their
conduct, Defendants caused Shaun to be falsely charged and
maliciously prosecuted the false, baseless and malicious
prosecution of him for untrue and baseless misdemeanor and
felony criminal violations when they knew or should have
known him to be innocent of the untrue accusations made and
the false charge brought.

WHEREFORE, Plaintiff demands judgment against the
Defendants, and each of them, individually, jointly and
severally, and that he be awarded general, compensatory and
punitive damages in a sum in great excess of Seventy Five
Thousand ($75,000.00) dollars, plus the costs of this suit,
reasonable attorneys fees and such other and further relief
as may be proper in the premises.

### COUNT XVIII
#### (Violations of Illinois Constitution)

1-51. Plaintiffs reallege paragraph 1 through 51 of Count XVII as paragraphs 1 through 51 of this Count XVIII as if set forth fully herein.

52. The at all times relevant, the Illinois Constitution of 1970 provided, *inter alia*, free speech, association, privacy, due process, search, arrest and seizure clauses concomitant with those of the United States Constitution.

53. That Defendants conduct, acts, omissions, policies, customs, practices and failures were also violative under the aforementioned Illinois Constitution Shaun of his rights, privileges and immunities, and due process secured by the laws statutes and Constitution of the Illinois.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

<u>COUNT XIX</u>

("Carver Doctrine" Claim)

1-53. Plaintiffs reallege paragraphs 1 through 53 of Count XVIII as paragraph 1 though 53 of this Count XIX as if set forth fully herein.

54. That Plaintiffs hereby incorporate and gives notice of the pendency of this cause and the forgoing Counts and claims against Defendants Logli, the Winnebago County States Attorney and Brun, a Winnebago County Assistant States Attorney to Winnebago County under Illinois law, pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4-

6003, and 55 ILCS 5/5-1106, and in accord with <u>Carver v.</u> <u>Sheriff of LaSalle County, Illinois</u>, 324 F.3d 947, 948 (7th Cir. 2003), the County of Winnebago is hereby named as indispensable party by reason of its statutory obligation thereunder to pay any potential judgment(s) entered herein against the Winnebago County States Attorney and his Assistant named as Defendants herein.

WHEREFORE, Plaintiffs pray that this Court enter a judgment against the County of Winnebago, finding and declaring it responsible for and ordering to pay and all damages, attorney's fees, costs and judgments as Plaintiffs may recover herein against pay any potential judgment(s) entered herein against the Winnebago County States Attorney and his Assistant named as Defendants herein, and such other and further relief as may be proper in the premises.

TRIAL BY JURY DEMANDED

Shaun A. Kranish and Svetlana Kranish,
f/k/a Svetlana Dudnik, Plaintiffs,


By /s/Walter P. Maksym, Jr.
    Walter P. Maksym, Jr., their attorney


### ATTORNEY'S RULE 11 CERTIFICATION

The undersigned attorney certifies that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

/s/Walter P. Maksym, Jr.
Walter P. Maksym, Jr.,
Plaintiffs' attorney

<u>PLAINTIFF'S RULE 11 CERTIFICATION</u>

The undersigned Plaintiff certifies, subject to the penalties provided by law, that he has read the foregoing instrument and that to the best of his knowledge, information, and belief, the matters stated therein, as they pertain to him, are true in substance and fact except those matters which are alleged on information and belief, which he believes are true.

<u>/s/Shaun A. Kranish/</u>
Shaun A. Kranish

<u>PLAINTIFF'S RULE 11 CERTIFICATION</u>

The undersigned Plaintiff certifies, subject to the penalties provided by law, that she has read the foregoing instrument and that to the best of his knowledge, information, and belief, the matters stated therein, as they pertain to her, are true in substance and fact except those matters which are alleged on information and belief, which she believes are true.

<u>/s/Svetlana Dudnik/</u>
Svetlana Kranish, f/k/a
Svetlana Dudnik

Walter P. Maksym, Jr.
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923
wmaksym@gmail.com